UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN RAGAN,

      Plaintiff,                Case No. 2:12-cv-113

v.                                  Honorable R. Allan Edgar

JEFFREY STEVIE, et al.,

      Defendants.
_____/

BENJAMIN RAGAN,

      Plaintiff,                Case No. 2:12-cv-114

v.                                  Honorable R. Allan Edgar

JEFFREY STEVIE, et al.,

      Defendants.
_____/

## MEMORANDUM AND ORDER

On July 25, 2013, U.S. Magistrate Judge Timothy P. Greeley entered a Report and Recommendation ("R&R") in this consolidated case, in which he recommended that Defendants Stieve, Borgerding, Stephenson, Malloy, and Jenkins' motion for summary judgment be granted and that Plaintiff's claims in 2:12-cv-113 be dismissed for failure to exhaust. Doc. No. 64. Magistrate Judge Greeley noted that 2:12-cv-113 alleged that Plaintiff had not received proper medical treatment pertaining to his HIV status. Since it appeared that Plaintiff had exhausted his claims in 2:12-cv-114, in which Plaintiff alleged that he did not receive adequate treatment for his back pain, Magistrate Judge Greeley

recommended that only the claims in 2:12-cv-113 be dismissed. Magistrate Judge Greeley noted that, while Defendants asserted that Plaintiff had filed an untimely grievance concerning the treatment of his HIV, they failed to attach a copy of that grievance. While such a failure would normally be fatal to the motion, Magistrate Judge Greeley noted that Plaintiff had conceded that he had filed an untimely grievance. Magistrate Judge Greeley then rejected Plaintiff's argument that he should be excused for his untimely filing because he was not knowledgeable about the rules.

Plaintiff has filed objections to the R&R. Doc. No. 69. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). In his objections, Plaintiff asserts that his grievance should not have been rejected as untimely, since Plaintiff was complaining about the ongoing issue of Defendants' failure to provide adequate treatment for his HIV. In support of his assertion, Plaintiff attaches his grievance, KCF-11-10-01085-28e. Doc. No. 69-4, pp. ID 442-47. At Step I, Plaintiff wrote that the date of the incident was "7/22/11 until Present." *Id.*, p. ID 442. Plaintiff asserted in that grievance that healthcare staff had stopped the treatment for his terminal life-threatening illness and his very serious back injury. This grievance was rejected as untimely. The rejection stated that the date of the incident was listed as 7/22/11 and the grievance was received 10/6/11, with no explanation for the cause in delay of filing. The rejection pointed to PD 03.02.130, which states that inmates must attempt to resolve a problem orally within two days of becoming aware of the issue, and must submit a grievance form within five days of the attempted oral resolution. PD 03.02.120, ¶ P. Plaintiff pursued the grievance at Step II and Step III, and

2

the grievance was rejected as untimely at those steps as well. Plaintiff did not explain in his Step II or Step III grievance forms why he had not filed the grievance in a timely manner. Plaintiff does not explain why he did not do so in his objections, either. Since Plaintiff's grievance was rejected as untimely, Plaintiff has failed to exhaust the issue of his HIV treatment.

     Plaintiff's objections [Doc. No. 69] are without merit and are DENIED. Magistrate Judge Greeley's R&R [Doc. No. 64] is APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b). Defendants' motion for summary judgment [Doc. No. 37] is GRANTED. Defendants Prison Health Services, Hutchinson, Borgerding, Stephenson, Malloy, and Jenkins are DISMISSED WITHOUT PREJUDICE. Plaintiff's Eighth Amendment claim against Defendants Stieve, Pomeroy, and Wilson concerning his HIV treatment are also DISMISSED WITHOUT PREJUDICE. This case remains pending as to Plaintiff's Eighth Amendment claims against Defendants Wilson, Pomeroy, and Stevie, as found in 2:12-cv-114.

     SO ORDERED.

Dated:   9/23/2013        /s/ R. Allan Edgar
                                         R. Allan Edgar
                                         United States District Judge